UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIE C. SIMPSON,

        Petitioner,

v.                                  Case No. 22-cv-737-pp

DYLON RADTKE and TONY EVERS,

        Respondents.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), DENYING MOTION FOR PROMPT REVIEW (DKT. NO. 4), DENYING AS MOOT MOTION TO WAIVE FEES (DKT. NO. 5), DENYING MOTION FOR PROMPT SCREENING AND CONSIDERATION (DKT. NO. 11) AND DENYING §2243 MOTION TO ORDER A WRIT OF *HABEAS CORPUS* (DKT. NO. 14)**

---

The petitioner, who is in custody at the Wisconsin Secure Program Facility and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. Since filing the motion, the petitioner has filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 3, a motion for prompt review and consideration of his petition, dkt. no. 4, a motion to waive initial partial filing fees and costs pursuant to 28 U.S.C. §1915(B)(4), dkt. no. 5, a motion pursuant to *habeas* Rule 4 for prompt screening and consideration, dkt. no. 11 and a motion pursuant to §2243 to order the writ of *habeas corpus* granted forthwith without further delay, dkt. no. 14.

1

I.  **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 3) and Motion to Waive the Initial Partial Filing Fee (Dkt. No. 5)**

The same day that the court received the petition, it received five other documents from the petitioner. Among them was a petition asking the court to allow him to proceed without prepaying the filing fee. Dkt. No. 3. There is a $5 for filing a *habeas* petition. 28 U.S.C. §1914(A). A court may authorize the commencement of a lawsuit without requiring the petitioner to prepay the filing fee if the petitioner "submits an affidavit that includes a statement of all such assets such prisoner possesses that the person is unable to pay such fee or give security therefor." 28 U.S.C. §1915(a)(1). The petitioner's request indicates that he does not have any assets. Dkt. No. 3 at 2. His trust account statement shows that as of July 1, 2022, the petitioner had nothing in the trust account. Dkt. No. 7. The court will grant the petitioner's motion to proceed without prepaying the filing fee. He must pay the $5 *habeas* filing fee as he is able to do so.

Another of the five documents the court received on the same day that it received the petition was a motion asking the court to waive the initial partial filing fee under 28 U.S.C. §1915(B)(4). Dkt. No. 5. Section 1915(b)(1) says that if an incarcerated person files a civil lawsuit, that person shall be required to pay the full filing fee; it requires the court to assess an initial partial filing fee of 20 percent of the average monthly deposits in the person's trust account or the average balance of the balance in the account for the six-month period before the case was filed. Section 1915(b)(2) says that after the plaintiff has paid the initial partial filing fee, he must make monthly payments of 20 percent of his

2

preceding month's income, and that the institution where he is in custody must forward payments to the clerk of court each time the amount in the trust account exceeds $10 until the filing fee is paid in full.

The court calculates and requires initial partial filing fees in civil lawsuits filed by incarcerated persons because the fee for filing a civil lawsuit (a civil rights suit, for example) is $350. Many incarcerated persons don't have $350 to pay right up front, so they pay a smaller, initial partial filing fee and then pay the rest of the $350 over time. The court does not require initial partial filing fees in *habeas* cases because the *habeas* filing fee is only $5.00. The person either has the money to pay the $5.00 or not. In this case, the court has determined that the petitioner does not have the money to pay the $5.00 filing fee and so it has waived it.

Because the court is granting the petitioner's motion to proceed without prepaying the filing fee, and because the court does not assess initial partial filing fees in *habeas* cases, the court will deny this motion as moot.

**II.     Motion for Prompt Review (Dkt. No. 4), Motion for Prompt Screening and Consideration (Dkt. No. 11) and §2243 Motion to Order Writ of *Habeas Corpus* (Dkt. No. 14)**

Another of the five documents the court received from the petitioner on the date he filed his petition was a motion for prompt review and consideration of the petition. Dkt. No. 4. Just over a month later, the court received from the petitioner another motion for prompt screening and consideration. Dkt. No. 11. Both motions ask the court to conduct a prompt review of the petitioner's §2254 *habeas* petition. The petitioner says that Rule 4 of the Rules Governing

3

§2254 Habeas Review directs the court to promptly examine and consider a petition for writ of *habeas corpus*. Dkt. No. 4 at 1; Dkt. No. 11 at 1.

The petitioner is correct that Rule 4 requires a judge to "promptly" examine and consider a §2254 petition, but that rule does not prescribe a specific time frame. The court regrets that its heavy caseload and hearing calendar often prevents it from screening *habeas* petitions (and other pleadings) within a week, or even a month, after receiving them. But the court has hundreds of cases, and a number of those are criminal cases which *do* have to be handled within the time prescribed by the federal Speedy Trial Act. The court will screen the petition as soon as it is able. It will deny the motions for prompt review and consideration.

A little over six months after the court received the petition, the court received from the petitioner a motion under 28 U.S.C. §2243 asking the court to grant his petition for a writ of *habeas corpus*. Dkt. No. 14. The petitioner says that he has filed a motion for writ of *certiorari* in the United States Supreme Court raising questions of the constitutionality of Wis. Stat. §§302.11(12), 973.01(6) and 973.01(7). Id. at 2. The petitioner says that under §2243, this court must grant the petition and order the respondents to show cause as to why the writ should not be granted. Id.[1]

Section 2243 provides, in pertinent part, that:

---

[1] The motion also says that the "5 dollar cost for filing the petition for writ of habeas corpus has been paid . . . ." Dkt. No. 14 at 1. This is not true; the court has not received the filing fee from the petitioner.

4

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The court will not award the writ; it has not yet had the opportunity to screen the petition and it cannot say at this point whether the petitioner's claims have merit. The court will not direct the respondent to show cause as to why the writ should not be granted because again, the court has not yet had the opportunity to screen the petition as required by Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 provides that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

The petitioner has filed at least twelve *habeas* petitions in this court over the years. He knows that a federal court must "screen" a *habeas* petition before allowing it to proceed. He knows that the court has an obligation to determine whether he has met the *habeas* standard. While the petitioner is anxious for the court to move his petition to the head of the line and to rule on it before it addresses all other matters, the court must manage its caseload and its docket in a way that identifies the most "urgent" cases and attends to them first.

The court will screen the petition when it is able, and will determine whether it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. If it does

5

not dismiss the petition, it will order the respondent to file an answer or otherwise respond to the petition. The court will deny the petitioner's §2243 motion.

## III. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **DENIES** the petitioner's motion for prompt review. Dkt. No. 4.

The court **DENIES AS MOOT** the petitioner's motion to waive fees. Dkt. No. 5.

The court **DENIES** the petitioner's motion for prompt screening and consideration. Dkt. No. 11.

The court **DENIES** the petitioner's §2243 motion to order writ of *habeas corpus*. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 17th day of March, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**