UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

        Petitioner,

  v.                                            Case No. 22-cv-737-pp

GARY BOUGHTON[1]
and TONY EVERS,

        Respondents.

**ORDER GRANTING PETITIONER'S MOTION TO FILE AMENDED *HABEAS* PETITION (DKT. NO. 18); SCREENING AND DENYING AMENDED PETITION (DKT. NO. 18-1); DENYING AS MOOT PETITIONER'S MOTION FOR PROMPT PRELIMINARY REVIEW (DKT. NO. 17), MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. NO. 19), MOTION FOR SANCTIONS (DKT. NO. 22), AND MOTION FOR PROTECTIVE ORDER (DKT. NO. 24); DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

On June 24, 2022, the petitioner, who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The same day, the court received from the petitioner a motion for leave to proceed without prepaying the

---

[1] When the petitioner filed his petition, he was incarcerated at the Green Bay Correctional Institution. Dkt. No. 1 at 1. On January 17, 2023, the court received from the petitioner a change of address notice, reporting that his new address was the Wisconsin Secure Program Facility. Dkt. No. 13. Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." This order reflects Gary Boughton, the warden at WSPF, as the correct respondent. https://doc.wi.gov/Pages/ OffenderInformation/AdultInstitutions/WisconsinSecureProgramFacility.aspx.

1

filing fee, dkt. no. 3, a motion for prompt review of the petition, dkt no. 4, and a motion to waive fees, dkt. no. 5.

The court did not receive the petitioner's trust account statement until July 1, 2022. Dkt. No. 7. And several days later, on July 13, 2022, the court received from the Seventh Circuit Court of Appeals a copy of its order denying the petitioner's request to file a second or successive *habeas* petition. Dkt. No. 10. Despite those facts, and despite the fact that the court had not yet screened the petition or ruled on the petitioner's motion to proceed without prepaying the filing fee, on August 1, 2022, the court received from the petitioner a second motion for prompt screening and consideration. Dkt. No. 11. In February 2023, the court received from the petitioner a motion under 28 U.S.C. §2243 "to order the writ of *habeas corpus* forthwith without further delay." Dkt. No. 14. The petitioner filed other documents before the court issued its ruling on his motion to proceed without prepaying the filing fee.

On March 17, 2023, the court granted the motion for leave to proceed without paying the filing fee and denied the remaining motions. Dkt. No. 16. The court explained in its order that it would screen the petition as soon as it was able. Id. at 5. After the court issued that order, but before it screened the petition, the court received from the petitioner a motion to file an amended petition,[2] dkt. no. 18, along with a thirty-three-page proposed amended

---

[2] The petitioner titled this document "Petitioner motion Pursuant to Fed. R. Crim. P. 15 and Rule 11 Governing 28 USC 2254 habeas corpus, amending petitioner petition for writ of habeas corpus without leave as a matter of course." Dkt. No. 18 at 1. From the body of the pleading, it appears that the

2

petition, dkt. no. 18-1, and twenty-five pages of exhibits, dkt. no. 18-2. The same day the court received that pleading, it received from the petitioner a motion for prompt review of the amended petition. Dkt. No. 17. Several months later, the court received from the petitioner a motion for temporary restraining order and preliminary injunction with a supporting brief and affidavit, dkt. nos. 19, 20, 21, and a motion for sanctions, dkt. no. 22. Three weeks after *that*, the court received from the petitioner a motion for protective order. Dkt. No. 24.

This order screens and dismisses the amended petition; denies as moot the motion for prompt review of the amended petition, the motion for temporary restraining order and preliminary injunction, the motion for sanctions and the motion for protective order; declines to issue a certificate of appealability; and dismisses the case.

I.  **Amended Petition (Dkt. No. 18)**

Under Federal Rule of Civil Procedure 15(a)(1),

> [a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

---

petitioner did not intend to ask permission to amend the petition; he seems only to have been giving the court notice that he was amending the petition.

3

Rule 15 is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Federal Rule of Civil Procedure 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005). Courts should freely give leave to amend when justice so requires; the court has broad discretion, however, to deny a request to amend when there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile. Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). An amendment is futile if the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations would bar the proposed amendment. Rodriguez v. U.S., 286 F.3d 972, 980 (7th Cir. 2002).

The court has not ordered the petition served on the respondent and this is the first time the petitioner has amended his petition. This means that Rule 15(a)(1) applies and the petitioner is entitled to amend his petition as a matter of course without leave from the court. To the extent that it *was* a motion, the court will grant the petitioner's motion for leave to file an amended petition (Dkt. No. 18); the court will order that the amended petition at Dkt. No. 18-1 is the operative petition and the court will screen it under Rule 4 of the Rules Governing §2254 proceedings.

## II.  Rule 4 Screening

### A.  Background

The petitioner states that he is not challenging a judgment; he says he is challenging the Wisconsin Department of Corrections' refusal to release him on parole and refusal to discharge him from state custody, control and supervision

4

prior to the completion of his term of confinement in light of new state laws concerning his sentence. Dkt. No. 18-1 at 2.

The petitioner says that that he is serving a term of confinement under the Wisconsin Truth in Sentencing Law for offenses of which he was convicted after December 31, 1999 and that he is serving a term of confinement under "Parole law 1983" for criminal offenses charged before December 31, 1999. Id. at 8. He says that in 1997, the state court judge imposed a fifteen-year sentence after the petitioner was convicted of second-degree sexual assault of a child. Id. at 9. The petitioner says that three years later, he was charged with an additional count of sexual assault for which he was convicted and sentenced to fifty years confinement to run consecutive to his first conviction. Id. at 10.

The petitioner's claims are difficult to understand—as the court has mentioned, his amended petition is thirty-three pages long. The court construes the amended petition as alleging that post-conviction changes to Wis. Stat §§302.11, 973.01, and 948.02 have wrongfully subjected the petitioner to serve a longer term of confinement than provided by the law at the time he committed the offense, in violation of the *ex post facto* clause, the Eighth Amendment and the due process clause of the Fourteenth Amendment. Dkt. No. 18-1 at 7-8.

    B.    Standard

Rule 4 of the Rules Governing §2254 proceedings states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

5

Case 2:22-cv-00737-PP   Filed 08/26/24   Page 5 of 13   Document 26

court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

6

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C. Analysis

This is not the first time that the petitioner has filed a §2254 *habeas* petition. Since 2014, the petitioner has filed at least eleven *habeas* petitions of various sorts in this district, including at least eight §2254 petitions (including the instant petition).[3] Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not consider a second or otherwise successive §2254 petition unless the petitioner previously has obtained authorization from the appropriate court of appeals. 28 U.S.C. §2244(b). If a petitioner files a successive §2254 petition in a district court without having obtained such authorization, the court must dismiss it for lack of subject-matter jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

---

[3] See Simpson v. Kingston, 02-cv-1099 (E.D. Wis.); Simpson v. Kingston, 02-cv-1100 (E.D. Wis.); Simpson v. Haines, 12-cv-410 (E.D. Wis.); Simpson v. Wisconsin Dep't of Corrections, 14-cv-197 (E.D. Wis.); Simpson v. Walker, 15-cv-171 (E.D. Wis.); Simpson v. Pollard, 15-cv-931 (E.D. Wis.); Simpson v. Pollard, 15-cv-986 (E.D. Wis.); Simpson v. Eckstein, 15-cv-1016 (E.D. Wis.); Simpson v. Dep't of Corrections, 15-cv-1017 (E.D. Wis.); Simpson v. Eckstein, 16-cv-854 (E.D. Wis.); Simpson v. Eckstein, 17-cv-10 (E.D. Wis.).

On June 17, 2022, the petitioner applied under 28 U.S.C. §2244(b) for leave from the Seventh Circuit to file a successive petition for a writ of *habeas corpus*. See Appeal No. 22-2087, Dkt. No. 1 (7th Cir. June 17, 2022). The petitioner filed his petition with this court on June 24, 2022—*before* receiving a ruling from the Seventh Circuit on his application for leave to file a second or successive petition. The Seventh Circuit issued its ruling *denying* the petitioner that permission on July 13, 2022, almost three weeks *after* the petitioner filed the instant petition. Normally, that fact itself—that the petitioner filed a second or successive petition without first getting the Seventh Circuit's permission to do so—would warrant the court dismissing the petition for lack of subject-matter jurisdiction.

The court also notes that the Seventh Circuit denied leave to the extent that the petitioner was challenging the Wisconsin judgments contested in his prior federal *habeas* cases. Id., Dkt. No. 2. The Seventh Circuit held that to the extent that the petitioner "mean[t] to challenge, for the first time, the recent actions of prison officials," the petitioner did not need the court's authorization under §2244(b) to file a first federal petition in the district court. Id. at 2.

The petitioner repeatedly asserts that he is not attacking a state court judgment but instead is challenging the Wisconsin Department of Corrections' refusal to release him on parole. The court will construe the petition as challenging the recent actions of prison officials, which—as the Seventh Circuit explained—means the petitioner did not need that court's authorization under §2244(b) to file the petition.

8

The petitioner's grounds for relief concern Wisconsin's Truth in Sentencing laws. See 1997 Wis. Act 283; 2001 Wis. Act 109. In 1997, Wisconsin adopted a Truth in Sentencing law "to ensure that actual time served more closely matched the prison sentences given." Simpson v. Walker, 527 F. App'x 561, 561 (7th Cir. 2013). "Under the prior law, known to everyone in the Wisconsin criminal justice system as 'the New Law,' inmates were eligible for parole after serving a quarter of their sentences, and even those who had committed serious felonies had presumptive parole release dates set at two-thirds of their sentences." Id. The Truth in Sentencing law, which went into effect on December 31, 1999, eliminated parole and replaced it with court-ordered extended supervision. Id. 561-62 (citations omitted).

The petitioner previously brought a §1983 suit in which he alleged that the Governor of Wisconsin and several Department of Corrections employees had retroactively stripped him of his parole eligibility by applying the Truth in Sentencing law to his convictions. Id. at 562. In affirming the district court's dismissal of that case, the Seventh Circuit determined that state officials did not apply the Truth in Sentencing law to the petitioner's convictions, that his parole-eligibility date was "computed based on the parole regime that preceded Truth-in-Sentencing" and that he would become eligible for parole in August 2015, after serving one quarter of his 65-year sentence. Id.

The petitioner was not released in 2015. So in 2018, he filed another lawsuit alleging that "because of changes to Wisconsin law under the truth-in-sentencing regime, prison officials refuse[d] to release him on his mandatory

9

release date for each of the three sexual-assault convictions" and that the truth-in-sentencing law "terminated his parole eligibility," preventing him from receiving parole hearings. Simpson v. Evers, Case No. 18-cv-467, 2020 WL 429488, at *1 (W.D. Wis. Jan. 28, 2020). In that case, the court screened the complaint and recounted that after his 1996 and 1999 convictions, the petitioner had incurred new convictions in three cases. Id. at *2. As a result of the new convictions, the petitioner received approximately sixteen years of additional incarceration. Id. Because these convictions related to criminal offenses that took place after Wisconsin passed the Truth in Sentencing laws, the court explained that the sentences were subject to those laws. Id.

The court explained that the petitioner's claim that he should have been released after serving the fifteen-year sentence imposed on his 1996 conviction was frivolous because even under the "New Law" prisoners were entitled to mandatory release only after completing two-thirds of their *entire* sentence. Id. (citing Wis. Stat. §302.11(1) and (3)). Because the petitioner was serving a combined sixty-five-year sentence (with an additional year for disciplinary infractions), the court determined that the petitioner's mandatory release date was 2043. Id.

Three years later, the petitioner filed the instant petition, asking the court to release him via a writ of *habeas corpus*. That petition does not state a ground for relief that is cognizable on federal *habeas* review. "Parole statutes do not give rise to a protectible liberty interest when they provide that parole is discretionary." Kendrick v. Hamblin, 606 F. App'x 835, 837 (7th Cir. 2015)

10

(citations omitted). "This is the case with Wisconsin's law authorizing presumptive release: it enables the parole commission to exercise its discretion to deny parole to otherwise eligible prisoners." Id. at 838 (citations omitted). To the extent the petitioner alleges a constitutional violation based on prison officials' refusal to release him despite his parole eligibility, the claim is not cognizable on federal *habeas* review.

To the extent the petitioner argues that he is entitled to mandatory release, his claim is belied by the additional convictions he incurred after this 1996 and 1999 convictions, which extended his release date. See State v. Simpson, Grant County Case No. 2011CF123 (reflecting sentence of three years of incarceration consecutive to sentence now serving); State v. Simpson, Grant County Case No. 2011CF220 (reflecting sentence of five years of incarceration consecutive to sentence now serving); State v. Simpson, Dodge County Case No. 2012CF000066 (reflecting sentence of four years and ninety days of incarceration consecutive to any sentence currently imposed) (all available at https://www.wicourts.gov/). Even if the petitioner was entitled to mandatory release in 2015 based on his 1996 and 1999 convictions, the twelve years and three months of additional confinement he incurred after those convictions means that his mandatory release date was extended to June 2, 2056. (https://appsdoc.wi.gov/lop/details/detail, for Willie C. Simpson, DOC #00331230).

The court must deny the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or, for that matter, agree that) the petition should have been resolve in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2254.

### IV. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Gary Boughton is the correct respondent.

The court **GRANTS** the petitioner's motion to file an amended petition. Dkt. No. 18.

The court **ORDERS** that the amended petition at Dkt. No. 18-1 is the operative pleading.

The court **DENIES** the amended petition for writ of *habeas corpus*. Dkt. No. 18-1.

The court **DENIES AS MOOT** the petitioner's motion for prompt preliminary review. Dkt. No. 17.

The court **DENIES AS MOOT** the petitioner's motion for temporary restraining order and preliminary injunction. Dkt. No. 19.

The court **DENIES AS MOOT** the petitioner's motion for sanctions. Dkt. No. 22.

The court **DENIES AS MOOT** the petitioner's motion for protective order. Dkt. No. 24.

The court **DECLINES** to issue a certificate of appealability.

The court orders that the case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of August, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**