UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

        Petitioner,

v.

        Case No. 22-cv-737-pp

GARY BOUGHTON and TONY EVERS,

        Respondents.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 28)**

On June 24, 2022, the petitioner, who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. He filed an amended petition on May 2, 2023. Dkt. No. 18. On August 26, 2024, the court screened the amended petition. Dkt. No. 26. The court determined that the petitioner had not stated a ground for relief that is cognizable on federal *habeas* review and dismissed the case with prejudice. Id. at 10, 13.

On September 16, 2024, the petitioner filed a motion for reconsideration of the court's screening order under Federal Rule of Civil Procedure 59(e). Dkt. No. 28. The court will deny the petitioner's motion.

**I.    Background**

As discussed in the court's screening order, the petitioner has filed at least eleven *habeas* petitions in this district, including the petition in this case. A district court may not consider a second or otherwise successive §2254 petition unless the petitioner previously has obtained authorization from the

1

appropriate court of appeals. 28 U.S.C. §2244(b). In 2022, the Seventh Circuit denied the petitioner leave to file any successive petitions challenging the state convictions he already had contested in his prior *habeas* cases. Appeal No. 22-2087, Dkt. No. 2 (7th Cir. June 17, 2022). However, the appellate court stated that the petitioner was allowed to file a first petition challenging "recent actions of prison officials" without leave of court. Id. at 2.

The petitioner's amended *habeas* petition in this case alleged that post-conviction changes to Wis. Stat §§302.11, 973.01 and 948.02 wrongfully subjected him to a longer term of confinement than that provided by the law at the time he committed the offense for which he was incarcerated, in violation of the *ex post facto* clause, the Eighth Amendment and the due process clause of the Fourteenth Amendment. Dkt. No. 18-1 at 7–8. The court construed the petition as challenging the Wisconsin Department of Corrections' refusal to release him on parole—"recent actions of prison officials." Dkt. No. 26 at 8.

The court determined that the petition did not state a ground for relief that is cognizable on federal *habeas* review because the parole statute at issue is discretionary. Id. at 10 (quoting Kendrick v. Hamblin, 606 F. App'x 835, 837 (7th Cir. 2015)). The parole commission's exercise of its discretion does not amount to a constitutional violation. Id. at 11 (quoting Kendrick, 606 F. App'x at 838). To the extent the petitioner also claimed that prison officials failed to release him on his mandatory release date, the court determined that the petitioner's mandatory release date was not until June 2, 2056 based on the years of additional confinement he incurred after his original 1996 and 1999 convictions. Id. Because the petitioner did not state a claim for relief that is cognizable on *habeas* review, the court denied the petition and dismissed the case with prejudice. Id. at 12–13.

2

Case 2:22-cv-00737-PP    Filed 11/06/24    Page 2 of 8    Document 29

## II. Motion for Reconsideration (Dkt. No. 31)

### A. Petitioner's Arguments

On September 16, 2024 (twenty-one days after the court issued its order dismissing the case), the petitioner filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. No. 28 at 1. The petitioner argues that the court committed a manifest error of law by (1) "failing to recognize controlling precedent"; (2) "failing to recognize the constitutional principle that a court has no authority to leave in place a conviction that violates a substantive rule, nor may a court convict a criminal defendant of violating state law that federal law prohibits"; and (3) "giving effect to repealed state statutes and new enacted repeater statutes that substantive rules eliminated." Id. at 1–2.

The petitioner first argues that the court failed to recognize that "substantive rules are to be given retroactive effect on collateral review." Id. at 2. According to the petitioner, substantive rules apply retroactively to protect against the risk that a defendant "stands convicted of an act that the law does not make criminal, or faces a punishment that the law cannot impose upon him." Id. at 4 (citing Schriro v. Summerlin, 542 U.S. 348, 352 (2004)). The petitioner argues that the court acknowledged that he had raised three claims in his petition—an *ex post facto* claim, an Eighth Amendment claim and a Fourteenth Amendment claim—but asserts that the court did not recognize Supreme Court precedent announcing the retroactive effect of substantive constitutional rules related to those claims. Id. (citing Dkt. No. 26 at 4–5).

Next, the petitioner argues that the court failed to recognize precedent "barring courts from leaving in place convictions or sentences that violate a substantive rule." Id. According to the defendant, substantive rules announced

3

in Peugh v. United States, 569 U.S. 530, 544 (2013) and Dobbert v. Florida, 432 U.S. 282, 292 (1977) established that the petitioner cannot be punished for an act that was made criminal after the commission of that act. Id. at 6. He also states that the repeal of any statute does not change the penalties incurred under the older statute unless the repealing act expressly provides for that. Id. (citing Dorsey v. United States, 567 U.S. 260, 272 (2012)). But the petitioner argues that if a case was pending at the time of the repeal, the defendant cannot be convicted under the repealed statute. Id. at 7 (citing Bruner v. United States, 343 U.S. 112, 116–17 (1952)).

The petitioner contends that he is being punished unconstitutionally because he was convicted of violating since-repealed state statutes. Id. at 5, 8. The petitioner argues that the newly enacted "repeater statute" changed certain felony classifications and that the newly enacted mandatory parole release statute terminated parole eligibility for persons serving a bifurcated sentence. Id. at 9 (citing Wis. Stat. §§948.02, 302.11(12)). The petitioner argues that the substantive rules announced in Dorsey and Bruner prohibit the state from punishing him for convictions incurred under repealed statutes. Id. He contends that the substantive rules announced in Peugh and Dobbert prohibit the state from increasing the punishment for an offense after its commission without fair warning. Id. The petitioner maintains that his continued confinement under repealed statutes violates his right to "personal immunity" as these substantive rules placed his conduct beyond the state's power to punish. Id. at 9–10.

The petitioner then argues that the court erred by "giving effect to repealed state statutes and new enacted repeater statutes that conflict with federal law." Id. The petitioner states that the court "recognized the state law

4

being challenged by petitioner as unconstitutional" but still "gave effect" to the allegedly unconstitutional law to calculate the petitioner's release date. Id. at 11.

The petitioner also asserts that he is entitled to a certificate of appealability. Id. at 13. He contends that the court should not decline to issue a certificate of appealability "merely because it believes the applicant will not demonstrate an entitlement to relief." Id. (citing Welch v. United States, 528 U.S. 120, 127–28 (2016)).

B.     Legal Standard

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment if the party seeking relief files the motion "no later than 28 days after the entry of judgement." Fed. R. Civ. P. 59(e). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citing Charlese v. Daley, 799 F.2d 343, 348 (7th Cir. 1986)). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A party moving to alter or amend a judgment under Rule 59(e) must "clearly establish" one of those two grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Here, the petitioner argues that the court committed a manifest error of law. "A 'manifest error' is not demonstrated by the disappointment of the losing party." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). "It is 'the

5

wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Id. (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

    C.    <u>Analysis</u>

The petitioner has not shown that he is entitled to relief under Rule 59(e). He has not shown any manifest error of law or newly discovered evidence that the court failed to consider when it found that he was not entitled to *habeas* relief. The court determined that the petitioner had not stated a ground for relief that is cognizable on *habeas* review because the petitioner's claims were based on prison officials' refusal to release him despite his alleged parole eligibility—a purely discretionary decision by the parole commission. Dkt. No. 26 at 10–11. In the litany of cases the petitioner cites, not one is relevant to the question of whether a petitioner can challenge a discretionary parole decision on *habeas* review. As the court stated in its order, "[p]arole statutes do not give rise to a protectible liberty interest when they provide that parole is discretionary." Id. at 10 (quoting Kendrick, 606 F. App'x at 837). The petitioner "has no liberty interest in being considered for parole and cannot base a due-process claim on being denied parole." Groenke v. Haines, Case No. 18-CV-795-JPS, 2018 WL 3104443, at *2 (E.D. Wis. June 22, 2018). Because the petitioner raised no constitutional claims in his petition, the court properly dismissed it. 28 U.S.C. §2254(a) (petitioner must be in custody in violation of the "Constitution or laws or treaties of the United States" for the writ to issue). Because the petitioner did not present any controlling precedent on this issue that the court disregarded or failed to recognize, the court will not grant his motion for reconsideration.

6

To the extent the petitioner seeks to challenge his actual conviction and sentence, rather than parole board decisions, that is improper. The petitioner repeatedly stated in his amended *habeas* petition that his petition was "not a challenge to any judgment." Dkt. No. 18-1 at 3–4. His petition states that he is challenging "the fact and duration of continued future DOC confinement, specifically the Wisconsin Department of Corrections refusal to release petitioner on parole release and mandatory parole release." Id. at 2. A motion for reconsideration cannot "serve as the occasion to tender new legal theories for the first time." Publishers Resource, Inc. v. Walker–Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir.1985). The petitioner cannot challenge his conviction and sentence in a motion for reconsideration when he explicitly stated in his petition that he was not challenging his conviction and sentence. Dkt. No. 18-1 at 2 ("This is not a challenge to any judgment or sentence imposed by the court."). And the Seventh Circuit denied the petitioner leave to challenge those judgments because he already had contested them in his prior federal *habeas* cases. Appeal No. 22-2087, Dkt. No. 2 (7th Cir. June 17, 2022).

The petitioner also is not entitled to a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The court determined that the petitioner did not raise any constitutional claims in his petition, so he necessarily has not made the required showing that he was denied a constitutional right. Garrott v. United States, 238 F.3d 903 (7th Cir. 2001) (certificate may not issue absent a "substantial constitutional claim").

The court will deny the petitioner's motion for reconsideration.

### III. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 6th day of November, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**